**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Serafin MACHADO–BERNAL,**
**Defendant–Appellant.**

No. 04–40945.

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided July 5, 2005.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Hector Anthony Casas, Marjorie A. Meyers, Federal Public Defender, Molly E. Odom, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before GARZA, DEMOSS, and CLEMENT, Circuit Judges.

PER CURIAM: *

Serafin Machado–Bernal appeals his guilty-plea conviction and his sentence for being found unlawfully in the United States after deportation following a conviction for an aggravated felony in violation of 8 U.S.C. § 1326(a) & (b). He argues that 8 U.S.C. § 1326(b) is unconstitutional in view of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) and *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). *Apprendi* did not overrule *Almendarez–*

*Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). *See Apprendi,* 530 U.S. at 489–90, 120 S.Ct. 2348; *United States v. Dabeit,* 231 F.3d 979, 984 (5th Cir.2000). The Supreme Court's decisions in *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and *Blakely* did not overrule *Almendarez–Torres. See Booker,* 125 S.Ct. at 756; *Blakely,* 124 S.Ct. at 2537. This court must follow *Almendarez–Torres* "unless and until the Supreme Court itself determines to overrule it." *Dabeit,* 231 F.3d at 984. Therefore, Machado–Bernal's argument is foreclosed.

Machado–Bernal argues that the district court committed reversible plain error in imposing his sentence under the mandatory United States Sentencing Guidelines held unconstitutional in *Booker.* Because he did not raise this issue in the district court, review is limited to plain error. *See United States v. Mares,* 402 F.3d 511, 520 (5th Cir.2005), *petition for cert. filed,* No. 04–9517 (U.S. Mar. 31, 2005). There was no *Booker* error in this case because Machado–Bernal's sentence was enhanced based on his prior convictions. *See Booker,* 125 S.Ct. at 756, 769. The district court's application of the Guidelines in their mandatory form constituted error that is plain. *United States v. Valenzuela–Quevedo,* 407 F.3d 728, 733 (5th Cir. 2005). However, Machado–Bernal has not shown that the error affected his substantial rights as the record gives no indication that the district court judge would have sentenced him any differently had he known that the Guidelines were only advisory. *See Mares,* 402 F.3d at 522. Therefore, Machado–Bernal has not shown that the district court's imposition of his sentence constituted reversible plain error.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*See id.* Accordingly, Machado–Bernal's sentence is AFFIRMED.